FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALI KANE, a.k.a. ABDOULAYE TOUMBOU,<br><br>          Plaintiff,<br><br>    v.<br><br>CHERYL STRANGE, JAMES KEY, RONALD HAYNES, PAUL DUENICH, WILLIAM STOCKWELL, TROY STULL, RIVERA, and UNFRED,<br><br>          Defendants. | No. 4:24-cv-05130-RLP<br><br>ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Plaintiff Ali Kane's Motions for Summary Judgment (ECF Nos. 15 and 16) and Defendants' Cross Motion for Summary Judgment (ECF No. 18). Mr. Kane represents himself, and Defendants are represented by Sean M. Brittain. These matters were submitted for consideration without oral argument.

For the reasons discussed below, Defendants' Cross Motion for Summary Judgment is granted, and Mr. Kane's Motions for Summary Judgment are denied.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 1

BACKGROUND

Ali Kane was an inmate incarcerated at Airway Heights Corrections Center (AHCC) from October 11, 2022 to April 2024. ECF No. 17-1, ¶¶2, 14. Mr. Kane initially resided in a substance abuse recovery unit at AHCC. ECF No. 20, ¶¶4, 20. Mr. Kane is a practicing Muslim. ECF No. 1 at 16.

The imam/chaplain at Mr. Kane's prior facility provided him with an Arabic language Quran. ECF No. 17-1, ¶3. Mr. Kane did not write his name or Department of Corrections (DOC) number on the Quran, or list it on his personal property matrix. ECF No. 20-1 at 143, 146. Mr. Kane has indicated that he believes it would be against his religion to write on the Quran. *See* ECF Nos. 20-1 at 143; 21-1 at 31. DOC policy required religious items, and personal property generally, be documented on the inmate's personal property matrix. ECF No. 20-1 at 101, 190. While books did not need to be included on the personal property matrix, books were required to be marked with an inmate's DOC number. *Id*. at 101. Personal property not in compliance with DOC policy was considered contraband, and subject to confiscation. *Id*. at 100-01.

*Mr. Kane's PREA Complaint*

Mr. Kane had a troubled time at AHCC and was frequently written up by correctional officers. ECF No. 20, ¶¶23-33. On November 23, 2023, Mr. Kane was served with an infraction for loitering issued by one Officer Waldo. ECF No. 20-1

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 2

at 121. That same day, Mr. Kane made an anonymous complaint through the Prison Rape Elimination Act (PREA) hotline, alleging Officer Waldo called him a "faggot." ECF No. 20, ¶35.

Defendant Superintendent Ronald Haynes assigned Defendant Custody Unit Supervisor (CUS) William Stockwell to investigate Mr. Kane's PREA complaint. *Id*. at ¶34. Upon listening to the complaint, CUS Stockwell recognized Mr. Kane's voice and summoned him for an interview. *Id*. at ¶¶35-36. During this interview, Mr. Kane admitted to making the complaint but behaved evasively. *Id*. at ¶37. For example, when asked for the identity of who was the target of Officer Waldo's slur, Mr. Kane now said he did not know. *Id*. When asked for the names of witnesses to Officer Waldo's conduct, Mr. Kane stated an Officer Mendoza overheard Officer Waldo's comments, but otherwise refused to answer whether any inmates overheard. *Id*.[1]

CUS Stockwell and another prison staff member interviewed Officers Waldo and Mendoza separately. *Id*. at ¶¶38-39. Both officers denied Officer Waldo made any sexual remarks or used slurs. *Id*.

---

[1] Mr. Kane argues in his motion for a different version of this interview, but fails to support his argument with evidence in the record. ECF No. 15 at 3.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 3

On November 24, 2023, a DOC investigator named Joshua Largent received confidential information from an inmate who stated that he witnessed Mr. Kane making a false PREA complaint against Officer Waldo. ECF No. 22, ¶4. According to the inmate, Mr. Kane told him he was making a false PREA complaint against Officer Waldo because of Officer Waldo's loitering infraction against him. ECF No. 22, ¶4, ¶6. Investigator Largent shared the confidential information with CUS Stockwell and CUS Stockwell included this information in his investigation report. ECF No. 20, ¶42. Mr. Kane denies telling any other inmate that his PREA complaint was false. ECF No. 17-1, ¶25. However, there is no information in the record disputing that Investigator Largent received information from a confidential source and passed that information on to CUS Stockwell.

As a result of his investigation, CUS Stockwell provided a written report to Superintendent Haynes. ECF No. 20, ¶44. On December 15, 2023, Superintendent Haynes reviewed the investigation and found Mr. Kane's allegations to be unfounded; meaning, the allegations were determined not to have occurred. *Id*. at ¶46.

On January 9, 2024, at the direction of Superintendent Haynes, CUS Stockwell issued Mr. Kane a serious infraction for providing false information during his investigation of sexual misconduct based on his PREA complaint. ECF No. 20, ¶51. Mr. Kane denied making any false statements in connection with the

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 4

PREA complaint. ECF No. 17-1, ¶38. Nevertheless, a hearing officer found Mr. Kane guilty of the infraction. ECF No. 17-2 at 7. As a sanction, Mr. Kane was ordered to be confined to his cell for 20 days, assigned 20 hours extra work duty, and lost two months of monthly packages. *Id*. Defendant CPM Paul Duenich reviewed the infraction and approved it. ECF No. 17-2 at 2-3.

Mr. Kane appealed the finding of guilt on February 2, 2024. ECF No. 17-2 at 11-12. The appellate record indicates the confidential information was not submitted as part of the appeal. The appeals officer vacated the guilty decision on February 14, 2024, finding insufficient evidence. *Id*. The appellate decision form indicates that there would be an explanation for the decision. However, no explanation was provided.

*Confiscation of Mr. Kane's Quran*

On December 19, 2023, correctional officers found Mr. Kane intoxicated on synthetic marijuana. ECF No. 20-1 at 125-37. As a consequence, Mr. Kane was placed in administrative segregation and terminated from the substance abuse recovery program. ECF No. 20, ¶48, ¶50.

As a result of his termination from the program, Mr. Kane was no longer permitted to reside on the substance abuse recovery unit. *Id*. at ¶50. While Mr. Kane was in administrative segregation, on December 21, 2023, Defendant Officers Ramon Rivera and Luke Unfred packed up Mr. Kane's cell as part of his

transfer out of substance abuse recovery unit. *Id*. In his cell, the correctional officers uncovered Mr. Kane's Quran and noted it lacked a DOC number. ECF No. 20-1 at 143. The officers confiscated the Quran and disposed of it in the trash. *Id*.

On February 2, 2024, Mr. Kane filed a resolution request against his unit sergeant, alleging the sergeant confiscated his Quran during his cell transfer. ECF No. 21-1 at 29. A resolution specialist attempted to provide Mr. Kane a replacement Quran but Mr. Kane refused, citing his need for an Arabic Quran while the offered replacement was only in English. ECF Nos. 17-2 at 33-34; 20, ¶56; 21-1 at 29.

*Procedural History*

Mr. Kane filed this lawsuit on October 23, 2024. ECF No. 1. Mr. Kane originally asserted claims under 42 U.S.C. § 1983 for violation of his First Amendment rights to engage in protected speech free from retaliation, and to freely exercise his religion. *Id*.; *see also* ECF No. 6 (Order Dismissing Complaint in Part and Directing Service of Remaining Claims). He also asserted violations of his Fourteenth Amendment procedural due process right during the false complaint infraction hearing and again after his Quran was destroyed. *Id*.

The Court dismissed Mr. Kane's procedural due process claims, leaving only his First Amendment retaliation and free exercise claims. ECF No. 6. The Court also dismissed any claims against Defendants other than Superintendent

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 6

1  Haynes (retaliation and free exercise), CUS Stockwell (retaliation), CPM Duenich
2  (retaliation), and Officers Rivera and Unfred (free exercise). *Id.*

## ANALYSIS

A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986); *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019). A party may move for summary judgment on part of a claim or defense.  FRCP 56(a). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA*, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)). The court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that demonstrate the absence of a genuine dispute of material

1  fact. *Celotex*, 477 U.S. at 323 (quoting former FRCP 56(c)). A moving party who
2  does not bear the burden of persuasion at trial can succeed on summary judgment
3  either by producing evidence that negates an essential element of the non-moving
4  party's claim or defense, or by showing that the non-moving party does not have
5  enough evidence to prove an essential element. *Nissan Fire & Marine Ins. v. Fritz*
6  *Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A moving party who bears the burden
7  of persuasion at trial must show that no reasonable trier of fact could find other
8  than for the moving party. *Engley Diversified, Inc. v. City of Port Orchard*, 178 F.
9  Supp. 3d 1063, 1070 (W.D. Wash. 2016). Conclusory, non specific statements in
10 affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l*
11 *Wildlife Fed'n*, 497 U.S. 871, 888-89, 110 S.Ct. 3177 (1990).

12 *1. First Amendment Retaliation*

13      Mr. Kane contends Defendants Haynes, Duenich, and Stockwell retaliated
14 against him when he exercised his First Amendment rights to make a PREA
15 complaint by falsely claiming he fabricated the complaint and then punishing him
16 for it. Defendants contend Mr. Kane fabricated the allegations in his PREA
17 complaint, and therefore his complaint was not protected by the First Amendment.
18      To prevail on a retaliation claim, a plaintiff must allege and prove the
19 defendant retaliated against him for exercising a constitutional right, and the
20 retaliatory action did not advance legitimate penological goals or was not narrowly

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 8

tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under 42 U.S.C. § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1983).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). In order to show "retaliatory motive," a plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation omitted). "Mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which often squander[s] judicial resources with little offsetting benefit to anyone." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (alteration in original and quotation omitted). In particular, courts should "afford appropriate deference and

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 9

flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Id*. (quotation omitted).

As a preliminary issue, Mr. Kane makes various allegations about Defendants' violations of his due process rights stemming from Defendants' purported failure to follow DOC policy with regards to the investigation of his PREA complaint and subsequent infraction. The Court previously dismissed Mr. Kane's due process claims relating to his infraction and infraction hearing. ECF No. 6 at 12. Mr. Kane's due process allegations are therefore irrelevant to his remaining claim for First Amendment retaliation.

It is undisputed Defendants took adverse action against Mr. Kane because of his PREA complaint. What the parties dispute is whether Defendants' actions constituted retaliation for protected conduct.

Filing grievances, including PREA complaints, is protected activity under the First Amendment. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Troupe v. Brodhead*, 2013 WL 4498749, at *6 (E.D. Wash. Aug. 21, 2013) (PREA specifically). However, the First Amendment does not protect baseless accusations. *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743, 103 S. Ct. 2161 (1983); *Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004) (inmate's grievance alleging unsubstantiated rumor of employee sexual misconduct was not protected

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 10

speech). Thus, if Mr. Kane's complaint was false, it was not protected by the First Amendment.

Based on the record before the Court, there are no facts indicating Defendants did not reasonably believe Mr. Kane made a false PREA complaint. Furthermore, there is no dispute that Defendants have a legitimate correctional goal of deterring false complaints. Without evidence that Defendants did not actually believe Mr. Kane was making a false complaint, there is no evidence of retaliatory intent.

In light of the deference and flexibility afforded to correctional disciplinary actions, the Court upholds Defendants' actions as being reasonably related to a legitimate penological interest. *Cf. Harris v. Walls*, 53 F. Supp. 3d 1092, 1099-100 (C.D. Ill. 2014), *aff'd*, 604 F. App'x 518 (7th Cir. 2015) (where inmate punished for encouraging other inmates to file false grievances, inmate's claim that he did not intend for false grievances to be filed irrelevant so long as prison staff reasonably interpreted inmate's actions as an encouragement to file false grievances).

Mr. Kane argues that because the infraction was vacated on appeal for lack of evidence, the Court cannot overturn that decision. He cites no authority in support of his argument that some form of issue preclusion applies to prison disciplinary proceedings. *See Marquez v. Guttierez*, 51 F. Supp. 2d 1020, 1027

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 11

1  (E.D. Cal. 1999) (applying California law, holding issue preclusion does not apply
2  to decision of prison disciplinary hearing officer because as a member of prison
3  staff he did not act in a judicial or quasi-judicial capacity). The Court finds no
4  basis to apply issue preclusion here. Not only is there a lack of legal authority, the
5  record fails to show the basis for the appellate decision.
6      There is no genuine dispute of fact that Mr. Kane has failed to demonstrate
7  that Defendants' adverse action did not reasonably advance a legitimate
8  correctional goal. Mr. Kane's First Amendment retaliation claim therefore fails.
9  *2. First Amendment Free Exercise*
10     Mr. Kane contends Defendants Haynes, Rivera, and Unfred violated his First
11 Amendment rights to the free exercise of his religion by seizing his Quran and
12 disposing of it in the trash. Defendants contend they are entitled to qualified
13 immunity as Mr. Kane has not demonstrated they violated a clearly established
14 right.
15     Qualified immunity shields correctional officers "from money damages
16 unless a plaintiff pleads facts showing (1) that the official violated a statutory or
17 constitutional right, and (2) that the right was clearly established at the time of the
18 challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074
19 (2011) (quotation omitted). "A Government official's conduct violates clearly
20 established law when, at the time of the challenged conduct, '[t]he contours of [a]

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 12

right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Id*. at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034 (1987)).

To violate an inmate's First Amendment right to the free exercise of his religion, prison officials must substantially burden the inmate's practice of religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008). The First Amendment does not reach the "incidental effects" of otherwise lawful government acts "which may make it more difficult to practice certain religions but which have no tendency to coerce individuals into acting contrary to their religious beliefs." *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450-51, 108 S. Ct. 1319 (1988). "[R]elatively short-term and sporadic" intrusions do not substantially burden one's free exercise of religion. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998).

Multiple federal courts have ruled that an inmate's right to the free exercise of their religion is not substantially burdened by the confiscation of religious books, especially where a substitute is promptly offered, even if that substitute is not identical to the confiscated book. *Tarpley v. Allen County, Indiana*, 312 F.3d 895, 899 (7th Cir. 2002) (prison not required to provide exact substitute copy of confiscated Bible, offer of another version of Bible sufficient); *Mitchell v. Fox*,

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 13

2014 WL 414293, at *5 (E.D. Wash. Feb. 4, 2014), *aff'd*, 586 F. App'x 407 (9th Cir. 2014) (no substantial burden on inmate's free exercise of religion where personal Quran confiscated, but inmate had access to new copies from the chaplain); *see also Dunlap v. Losey*, 40 F. App'x 41, 43 (6th Cir. 2002) (temporary deprivation of Bible did not coerce inmate into action contrary to his beliefs).

As with his First Amendment retaliation claim, Mr. Kane again complains that Defendants' seizure of his Quran violated his due process rights. Again, as Mr. Kane's due process claims have been dismissed, they are irrelevant to his remaining First Amendment free exercise claim.

The Court does not condone Defendants' irreverent trashing of Mr. Kane's Quran. Still, while Defendants displayed poor judgment by throwing out Mr. Kane's holy book, because the deprivation was temporary and Mr. Kane was offered another Quran, Defendants' actions did not violate any clearly established rights regarding free exercise. Defendants are entitled to qualified immunity on Mr. Kane's First Amendment free exercise claim.

**IT IS ORDERED:**

1. Defendants' Cross Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Plaintiff's Motions for Summary Judgment, **ECF Nos. 15 and 16**, are **DENIED**.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT * 14

The Clerk of this court shall enter this Order and judgment in favor of Defendants, forward copies to counsel, and close this file.

**DATED** March 17, 2025.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE